UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ROBBIN Y MILLER**                                             **CIVIL ACTION**

**VERSUS**                                                      **NO. 24-2890**

**ANDREW STUART ET AL**                                         **SECTION "B"(2)**

<u>**ORDER AND REASONS**</u>

Before the Court is defendants Andrew Stuart and TD Auto Finance's motion to dismiss plaintiff's complaint (Rec. Doc. 3). Plaintiff did not file an opposition to the motion, so we will consider it unopposed. For the following reasons,

**IT IS ORDERED** that defendants Andrew Stuart and TD Auto Finance's motion to dismiss plaintiff's complaint (Rec. Doc. 3) be **GRANTED IN PART**, in accordance with this Order. Plaintiff's claims based against Andrew Stuart are hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint with respect to her standing to assert claims against defendant TD Auto Finance and specific facts supporting her claims of breach of contract, violation of La. R.S. § 10:9-210, and negligence per se, **<u>no later than February 28, 2025</u>**. **Failure to timely amend the complaint will lead to the dismissal of the action without future notice.**

<u>**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**</u>

This is a 28 U.S.C. § 1332 diversity jurisdiction claim filed by plaintiff Robin Y. Miller ("**Miller**"). Rec. Doc. 1 at 6 ¶ 5. Contending her vehicle's lienholder ignored her August 2024 demand, pursuant to La. Rev. Stat. § 10:9-210, requesting an accounting of the status of the secured obligation, plaintiff Miller expressly brings her pro se complaint against Andrew Stuart ("**Stuart**") and TD Auto Finance ("**TD Auto**") for (1) breach of duty of good faith and fair dealing, (2)

1

violation of La. Rev. Stat. § 10:9-210, and (3) negligence per se. Rec. Doc. 1 at 7 ¶¶ 12-20. Plaintiff alleges that she entered a secured transaction with defendants for the financing of a 2024 GMC Sierra 1500 ("**Vehicle**") in May of 2024. Rec. Doc. 1 at 6 ¶ 7; Rec. Doc. 3-1 at 2-6. Nonetheless, although the contractual relationship was established in May, Miller asserts that she requested an accounting of the status of her secured obligation around August 2024 but was ignored. Rec. Doc. 1 at 6 ¶ 8. Miller avers that defendants' failure to address her request caused her to suffer financial harm, emotional distress, and the inability to resolve or challenge inaccuracies related to the loan.

Defendant now moves to dismiss plaintiff's complaint. *See* Rec. Doc. 3. Their motion has gone unopposed by pro se plaintiff Miller.

## LAW AND ANALYSIS

### A. Motion to Dismiss Standard

#### i. Subject Matter Jurisdiction

Throughout the instant motion, defendants base their argument for dismissal upon Rule 12(b)(6). *See* Rec. Doc. 3. Nonetheless, the defendants' motion to dismiss also raises the issue of plaintiff Miller's standing to assert her claims. *Id.* "A motion to dismiss that attacks a party's standing is a jurisdictional matter." *See In re Wilson*, 527 B.R. 253, 255 (Bankr. N.D. Tex. 2015) (quoting *Broadhollow Funding LLC v. Bank of Am., N.A.*, 390 B.R. 120, 128 (Bankr. D. Del. 2008)). "Standing goes to the 'case or controversy' limitation on federal court jurisdiction . . . and a plaintiff's lack of standing 'robs the court of jurisdiction to hear the case.'" *In re Hunt*, 149 B.R. 96, 99 (Bankr. N.D. Tex. 1992) (citations omitted).

Challenges to a plaintiff's standing to bring a claim may be brought under 12(b)(1). Fed. R. Civ. P. 12(b)(1). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the

record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Id.* (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Id.* (citing *McDaniel v. United States*, 899 F.Supp. 305, 307 (E.D. Tex. 1995); *Menchaca v. Chrysler Credit Corp.*, 613 F.2D 507, 511 (5th Cir. 1980)). Accordingly, here, plaintiff Miller bears the burden of proof that jurisdiction exists.

To survive a motion to dismiss under Rule 12(b)(1) based on lack of Article III standing, a plaintiff must establish: "(1) an injury in fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likel[ihood] that the injury will be redressed by a favorable decision." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157-58 (2014) (internal quotations omitted). The "manner and degree of evidence required" to prove standing is proportionate to when the inquiry question standing occurs during the litigation. When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, as here, the Court should consider the "jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)).

    ii.  <u>**Failure to State a Claim**</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint "must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level."

*Twombly*, 550 U.S. at 555 (discussing Fed. R. Civ. P. 8(a)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 556 U.S. at 556).

When deciding whether a plaintiff has met its burden, a court "accept[s] all well-pleaded factual allegations as true and interpret[s] the complaint in the light most favorable to the plaintiff, but '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements' cannot establish facial plausibility." *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 520 (5th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678) (some internal citations and quotation marks omitted). Plaintiffs must "nudge [] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A complaint does not meet the plausibility standard "if it offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted) (citing *Twombly*, 556 U.S. at 555).

Although motions to dismiss are evaluated by the content in the complaint, the United States Supreme Court has described the extent of possible evidence: "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd*, 551 U.S. 308, 322 (2007) (citation omitted). Further, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000) (quotation omitted); *see also Lormand v. US Unwired, Inc.*, 565

4

F.3d 228, 251 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007)). The Court may take judicial notice of public records while conducting a 12(b)(6) analysis. *See Viking Constr. Grp., LLC et al. v. Satterfield & Pontikes Constr. Grp., et al.*, No. 17-12838, 2018 WL 398751, at *4 n.18 (E.D. La. Jan. 12, 2018); *Rantz v. Shield Coat, Inc.*, No. 17-3338, 2017 WL 3188415, at *5 (E.D. La. July 26, 2017).

Here, plaintiff includes in her filing the Judgement of Possession. *See* Rec. Doc. 1-2 at 1-4. The sale contract for the Vehicle was included in defendants' motion for dismissal filing. *See* Rec. Docs. 3-1 at 1-6. Additionally, defendants' motion includes plaintiff's letter dated July 30, 2024. Rec. Doc. 3-2 at 1-4.   All these documents are central to plaintiff's complaint and are either attached to plaintiff's initial pleading or defendant's motion to dismiss. Rec. Docs. 1 and 3. Thus, all are appropriately considered in this Rule 12(b)(6) motion.

It is not uncommon for a court to allow a plaintiff to amend their pleading before dismissing the action with prejudice when the dismissal is for failure to state a claim. Fed. R. Civ. P. 15(a); *see Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). However, "leave to amend is in no way automatic, but the district court must possess a 'substantial reason' to deny a party's request for leave to amend." *Marucci Sports, L.L.C. V. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (citing *Jones v. Robinson Prop.Grp., LP*, 427 F.3d 987, 994 (5th Cir. 2005)). Further, the Fifth Circuit has made clear that a court should deny leave to submit futile amendments if the defects are incurable. *See Id; Jamieson v. Shaw*, 772 F.2d 1205, 1209 (5th Cir. 1985). An amendment would be deemed futile "if it would fail to survive a Rule 12(b)(6) motion." *Marucci Sports, L.L.C.*, 751 F.3d at 378.

### B. Jurisdiction and Application of Louisiana Substantive Law

The plaintiff is pursuing a breach of contract claim rooted in state law between parties with diverse citizenship. *See* Rec. Doc. 1 at 1-8. "It is a long recognized principle that federal courts sitting in diversity cases [, such as this one,] 'apply state substantive law and federal procedural law.'" *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010) (quoting *Hanna v. Plumer*, 380 U.S. 460, 465 (1965); *Iberia Bank Corp. v. Ill. Union Ins. Co.*, 953 F. 3d 339, 344 (5th Cir. 2020)). Thus, Louisiana substantive law applies.

### C. Standard for Pro Se Pleadings

It is long "axiomatic that courts are required to liberally construe pro se complaints." *Jackson v. Reese*, 608 F.2d 159, 160 (5th Cir. 1979); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation omitted) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."). Such a construction looks to "the substance of the relief sought by a *pro se* pleading, not the label that the petitioner has attached to it." *Hernandez v. Thaler*, 630 F.3d 420, 426–27 (5th Cir. 2011). Accordingly, pro se filings are not evaluated for technical precision but are "so construed as to do substantial justice." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting Fed. R. Civ. P. 8(f)); *see also Arredondo v. Univ. of Texas Med. Branch at Galveston*, 950 F.3d 294, 298 (5th Cir. 2020) ("[W]e can consider a pro se litigant's non-compliant brief when the non-compliance did not prejudice the opposing party."). This measure has led courts to speculate on the true issues the pro se litigant is asserting. *See Grant v. Cuellar*, 59 F.3d 523, 525 (5th Cir. 1995) (finding the district court's speculative review to be overly narrow).

However, the pro se filer cannot rely on conclusory allegations nor avoid procedural requirements. *See Abram v. McConnell*, 3 F.4th 783, 787 (5th Cir. 2021); *Price v. Digital Equip.*

6

*Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988); *Johnson v. Gonzalez*, 172 F.3d 869 (5th Cir. 1999). Where a defendant seeks dismissal of a complaint, "regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citation omitted).

Here, we liberally evaluate plaintiff's complaint to find that she asserts allegations of breach of contract, violation of Louisiana R.S. § 10:9-210, and negligence per se. Rec. Doc. 1 at 7. Additionally, because plaintiff failed to file an opposition to the instant motion, the motion is deemed unopposed. "Although failure to respond to a motion will be considered a statement of no opposition, the court is not required to grant every unopposed motion." *Edward H. Bohlin Co. v. Banning Co.*, 6F.3d 350, 356 (5th Cir. 1993). The Fifth Circuit has held it improper, without considering the merits of the argument before it, for a district court to grant a motion to dismiss solely because it is unopposed. *See Webb v. Morella*, 457 F. App'x 448(5th Cir. 2012); *Ramsey v. Signal Delivery Service, Inc.*, 631 F.2d 1210, 1214 (5th Cir. 1980) (overturning district court's decision granting defendant's motion to dismiss because the motion was unopposed dismissal with prejudice is a severe sanction). Therefore, this Court should not grant defendants' motion to dismiss merely because it is unopposed; rather, the Court should only grant the motion to dismiss if it has merit. *Id.*

**D. <u>Standing</u>**

Standing must be established at the outset of a claim. *See, e.g.*, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998). Therefore, if defendants' argument of plaintiff lacking standing to pursue these claims is correct, the Court should address that argument first. *Valdery v. La. Workforce* Comm'n, No. 15-01547, 2015 U.S. Dist. LEXIS 120746, at *1 (E.D. La. Sept. 10,

2015). Here, defendants argue that Miller lacks standing to enforce the Contract because she is not a named party to the Contract and thus could not suffer any injury related to any alleged breaches of said Contract. *See* Rec. Docs. 3-1 and 3-3. Review of the Contract makes clear that Celestine Green Dobbs, not plaintiff Robbin Miller, is the named party to the contract. Rec. Doc. 3-1. Nevertheless, in her complaint, plaintiff Miller states "[she] entered into a secured transaction with Defendant for the financing of an automobile." Rec. Doc. 1 at 6. Further, plaintiff's letter to defendants dated July 30, 2024, is signed by Robbin Miller, and contains Miller's assertion that she has power of attorney for Celestine G. Dobbs. Rec. Doc. 3-2 at 4. Finally, plaintiff attached her Judgment of Possession dated October 3, 2024, which grants her possession of Dobbs' 2024 GMC Denali, the same vehicle from which her claims originate. Rec. Doc. 1-2 at 3.

As standing must be established at the outset of a claim, this complaint, in its current form seems insufficient. The complaint fails to clearly assert Miller's standing when the alleged allegations occurred. Miller was not a party to the Contract. *See* Rec. Doc. 3-1. Additionally, despite her assertion in her July letter that she had power of attorney for Celestine G. Dobbs, no proof of her designation was or has been provided. *See* Rec. Doc. 1. Because there is no provided indication that plaintiff is the named party to the contract nor has proof been submitted assigning power of attorney over Celestine Dobbs' interest to Miller, she seems to have failed to state a claim upon which relief is plausible on its face.

Nonetheless, in Louisiana, judgements of possession in succession cases are considered "prime facie" evidence of the rights of the heirs of the decedent. LA. CIV. CODE ANN. art. 3062 (2024). Here, on October 3, 2024, Judge Jupiter in the Civil District Court for the Parish of Orleans entered a Judgement of Possession that placed Robin Miller, as sole heir of the decedent, Celestine Dobbs into full and complete ownership and possession of all properties and interest left by the

8

decedent. *See* Rec. Doc. 1-2. Based on Miller's filings, specifically, the Judgement of Possession attached (Rec. Doc. 1-2), Miller has proven that she accepted the decedent's succession unconditionally. Therefore, Miller has bound herself to the debts and obligations of the decedent as if she, herself, contracted her mother's debts. LA. CIV. CODE ANN. art. 961 (2024); *Reed v. Taylor*, 522 So.2d 1262 (La. App. 4 Cir. 3/10/88). Accordingly, Miller has inherited Dobbs' rights to pursue claims against defendants regarding this Contract. Because the Fifth Circuit holds that a breach of contract is a sufficient showing of injury for standing purposes, Miller has standing to pursue these claims. *Denning v. Bond Pharmacy, Inc.*, 50 F.4th 455 (5th Cir. 2022).

### E. <u>Andrew Stuart is Not a Proper Party</u>

Defendants instant motion highlights that plaintiff's complaint does not contain any allegations regarding Stuart. Rec. Doc. 3-3 at 10 (citing Rec. Doc. 1). Further, the verified complaint filed by plaintiff does not even contain Andrew Stuart's name. Rec. Doc. 1 at 6-8. In its current form, plaintiff's complaint fails to provide a basis for her claims against Stuart, and because plaintiff failed to oppose the dismissal of Andrew Stuart or show basis for a complaint against him, all claims against Andrew Stuart should be dismissed.

### F. <u>La. R.S. § 10:9-210 & Negligence Per Se</u>

Plaintiff's complaint states "[o]n or about August 2024, Plaintiff submitted an authenticated written demand to Defendant, pursuant to La. R.S. §10:9-210, requesting an accounting of the status of the secured obligation." Rec. Doc. 1 at 6. Louisiana statute §10:9-210 imposes a statutory duty on secured parties claiming a security interest in particular types of collateral to respond to requests made for: (1) accounting; (2) regarding a list of collateral; and (3) regarding a statement of account. LA. STAT. ANN §10:9-210(b) (2024). According to the statute, those required to comply with these requests are "secured parties." *Id.* "Secured party" under this

statute does not include: "buyer[s] of accounts, chattel paper, payment intangibles, [] promissory notes, or a cosignor." *Id.* Chattel paper is defined as "a record or records that evidence both a monetary obligation and a security interest in specific goods." LA. STAT. ANN § 10:9-102(11) (2024). "Retail installment contracts are chattel paper." *See Automotive Finance Corp. of Indiana v. Hibernia Nat'l Bank*, No. 04-277, 2006 WL 8432428, at *3 (M.D. La. Aug. 23, 2006). This argument is unopposed and holds merit. Accordingly, plaintiff fails to state a claim pursuant to La. R.S. §10:9-210. Subsequently, without a provided violation of the statute, or any actual statute for that matter, plaintiff's claims for negligence per se also fail, making dismissal proper.

In further support of a dismissal of these claims, while La. R.S. §10:9-210 does present duties for secured parties, plaintiff's request does not obligate defendants accordingly. Here, the letter signed by Miller specifically states, "I am not requesting a statement of account, for an authenticated record of the accounting." Rec. Doc. 3-2 at 2. Instead, Miller states, "I am hereby disputing the alleged debt, and to require that you provide the requesting information within the time allotted by law, which is 14 calendar-days." *Id.* Further, Miller provides that the defendants must provide her with "the original Promissory Note with a wet signature, all tax filings [] any and all trades and/or investments and/or security interests associated with this account of which I am alleged to be a party, as I HAVE NOT given consent to collect on my behalf." *Id.* Miller's request was a mislabeled attempt to dispute the debt, especially as it references the Fair Debt Collection Practices Act, Fair Credit Reporting Act, and Truth in Lending Act. Rec. Doc. 3-2 at 4.

Therefore, in its current form, Miller's complaint has failed to provide sufficient factual allegations to plead a violation of Louisiana statute §10:9-210 or establish negligence per se with particularity. Nonetheless, in compliance with Federal Rule of Civil Procedure 15(a)(2), plaintiff is permitted to amend her complaint with respect to specific facts supporting the claim. More

specifically, without being able to provide evidence that defendants were subject to the requirements in §10:9-210 or articulated support of any violations of Louisiana statutes relating to this Contract, these claims will be dismissed.

### G. Breach of Contract

Under Louisiana law, a contract is "the law between the parties." *Pareti v. Sentry Indem. Co.*, 536 So. 2d 417, 420 (La. 1988). Thus, interpretation of a contract is the quest to determine "the common intent of the parties." LA. CIV. CODE ANN. art. 2045 (2024). A provision within a contract is not interpreted in isolation but "in light of the other provisions so that each is given the meaning suggested by the contract as a whole." LA. CIV. CODE ANN. art. 2050 (2024). "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." LA. CIV. CODE ANN. art. 2046 (2024). However, "when a contract is ambiguous, the trier of fact must resolve the factual issue of intent." *Keiland Constr., L.L.C. v. Weeks Marine, Inc.*, 109 F.4th 406, 416 (5th Cir. 2024) (quotation cleaned up, citation omitted). As such, where a court must resolve contractual ambiguity, "judgment on the pleadings or summary judgment is improper." *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 181 (5th Cir. 2007) (citation omitted). Nonetheless, where the contract provides only one reasonable interpretation based on "the general, ordinary, plain and popular meaning of the words used", the contract is unambiguous and is applied as a matter of law. *Prejean v. Guillory*, 2010-0740 (La. 7/2/10), 38 So. 3d 274, 279.

Furthermore, under Louisiana law, "[c]ontracts must be performed in good faith." LA. CIV. CODE ANN. art. 1983 (2024). Nevertheless, a breach of "good faith" is not an independent obligation that can support a breach of contract claim. *See Favrot v. Favrot*, 2010-0986 (La. App. 4 Cir. 2011), 68 So. 3d 1099, 1107, *writ denied*, 2011-0636 (La. 5/6/11), 62 So. 3d 127; *Ledet v.*

11

*Campo*, 12-1193 (La. App. 3 Cir. 3/06/13), 128 So. 3d 1034, 1040. "A breach of the duty of good faith and fair dealing requires a breach of contract." *Schaumburg v. State Farm Mut. Auto. Ins. Co.*, 421 F.App'x 434 (5th Cir. 2011).

Here, plaintiff argues a breach of contract due to defendant's lack of response to her July letter. Plaintiff Miller contends that the lack of response to her "dispute of the alleged debt," (Rec. Doc. 3-2), is a breach of defendants' duty of good faith and fair dealing. Rec. Doc. 1 at 7 ¶¶ 18-20. Defendants contend that Miller is not a party to the Contract; Miller cannot enforce the Contract; and Miller does not identify a specific term of the Contract which was allegedly breached by TD Auto. Rec. Doc. 3-3 at 8.

In its current form, plaintiff's complaint fails to provide a basis for her breach of contract claim. Specifically, plaintiff has not produced facts that show TD Auto actually violated any Louisiana statute, thus Miller's breach of contract claim fails. Nonetheless, recognizing that pursuant to Federal Rule of Civil Procedure 15(a)(2) we "should freely give leave when justice so requires," plaintiff is permitted to amend her complaint with respect to her breach of contract claim. Currently, if no amendment is made, this claim should be dismissed.

New Orleans, Louisiana, this 12th day of February, 2025

_____
SENIOR UNITED STATES DISTRICT JUDGE